THE WHITE SEWING MACHINE COMPANY v. I. W. BULLOCK & CO.

(Filed 19 November, 1913.)

**Contract—Fraud—Damages—Trials—Evidence.**

In this action upon a contract defended upon the ground of fraud, there was evidence of the fraud and resultant damages sufficient to sustain the verdict of the jury, under correct instructions, and no error is found.

APPEAL by plaintiff from *Peebles, J.,* at April Term, 1913, of GRANVILLE.

Civil action. There was verdict, judgment for defendant, and plaintiff excepted and appealed.

*Hicks & Stem and T. H. Hicks for plaintiff.*
*B. S. Royster for defendant.*

Hoke, J.   The action was to recover for breach of contract, evidenced by written order, for the sale of 150 sewing machines at the price of $26, of date 12 October, 1910.

The defendant admitted the execution of the contract alleged, and offered proof tending to show that the same was procured by the false and fraudulent representations of the plaintiff's agent.

At a former trial of the cause the judge below, being of opinion that there was no evidence tending to support defendant's position, there was recovery by plaintiff.

On appeal, this ruling was reversed, and, in an opinion by *Associate Justice Walker,* containing a full statement of the facts and the principles of law applicable, it was held that the issue as to fraud must be submitted to the jury. See case reported in 161 N. C., p. 1. This opinion having been certified down, there was verdict on the issue for defendant, and from judgment on the verdict the present appeal is taken.

The evidence on the part of the defendant tending to establish the alleged fraud is substantially the same as before, except that it now is rather more explicit and direct and there are some additional supporting facts, and, while there was much testimony in contradiction on the part of the plaintiff, the issue has been fairly submitted to the jury, under the principles laid down as controlling on the former appeal, and we find no reason for disturbing the results of the trial.

It was urged in the argument for plaintiff that the facts in evidence tended clearly to establish that the defendant had decided to break his contract before he was aware of the facts constituting the alleged fraud, and that these facts, therefore, should not be available on the issue; but there was direct evidence on the contrary offered by the defendant, and, in the charge, the disputed fact involved in this position was expressly referred to the jury and it was determined against the plaintiff.

Again it was insisted that it was not shown that defendant was in any way damaged by reason of the alleged fraudulent representations.

CANNON *v.* MARLOTT.

Undoubtedly, it is a correct general proposition that fraud without resultant damages does not form the basis for a cause of action; but, if it be conceded that the principle applies here, there was evidence of the defendant tending to show such damage, and the charge of the court was in express recognition of plaintiff's position. On this question, the jury were directed as follows: "Now, upon that issue, the burden is upon the defendants to satisfy you by the greater weight of evidence that they were induced to sign that order by the false and fraudulent representations of Mr. Massey; and that in consequence of those false and fraudulent representations they declined to perform that contract, and that those false and fraudulent representations were calculated to deceive and did deceive, and were intended to deceive, and that the defendants lost something thereby."

On careful perusal of the record, we find no reversible error, and the judgment for defendant must be

Affirmed.